**UNIVERSAL C.I.T. CREDIT CORP. v.**
**ST. AUGUSTINE NATIONAL BANK, et al.**
**No. 95780.**

Circuit Court, Duval County.

December 20, 1957.

Boggs, Blalock & Holbrook, Jacksonville, for plaintiff.

Dunham & Bennett, St. Augustine, for defendant St. Augustine National Bank.

CHARLES A. LUCKIE, Circuit Judge.

This cause came on before me to be heard, after due notice, upon motion for summary final decree filed by plaintiff Universal C.I.T. Credit Corporation, and upon motion for summary final decree filed by defendant St. Augustine National Bank, and the court having considered the pleadings, the stipulation of the parties as to the facts, the agreement between the parties relative to funds held in escrow by Dean Boggs, as escrow agent, the motions for summary judgment and the affidavits and exhibits attached thereto, the brief of the defendant bank and the argument of counsel, the court finds that there is no genuine issue as to any material fact, and further finds—

Plaintiff, as entruster, undertaking and contemplating trust receipt financing of automobiles for San Marco Motors (hereinafter sometimes referred to as "the dealer"), as trustee, complied with provisions of section 673.13, Florida Statutes, by filing notice thereof with the Secretary of State of Florida on July 9, 1955, which was within one year thereafter.

On October 27, 1955 plaintiff purchased the new 1956 Chrysler sedan involved herein from the factory for the dealer, delivered possession thereof to the dealer and took a trust receipt from it in the amount of $3,369.21.

On November 1, 1955 plaintiff purchased a new 1956 Plymouth involved herein from the factory for the dealer and took a trust receipt from the dealer for $2,337.16.

Under the trust receipts the dealer held the automobiles in trust for plaintiff as the plaintiff's property, agreed that it would not mortgage or pledge them without the plaintiff's consent, that it would promptly pay the indebtedness due under the trust receipts, and that upon default, plaintiff could at any time repossess them.

On December 20, 1955 the defendant St. Augustine National Bank loaned the dealer the sum of $3,646.27 and took as security a note and chattel mortgage covering the Chrysler automobile. On the same date said defendant loaned to the dealer the sum of $2,561.52 and took as security a note and chattel mortgage on the Plymouth automobile.

The dealer applied for a Florida title for each of the cars with the lien of the defendant bank noted on the applications, Florida title certificates were issued on each of them with the lien of the defendant bank noted thereon, and the defendant bank is the holder of the two original title certificates.

The dealer defaulted in payment of the obligations due under the trust receipts, and on April 5, 1956 plaintiff repossessed the automobiles from the dealer's place of business in St. Augustine.

By agreement between the finance company and the bank, the automobiles were sold by the plaintiff and the proceeds paid over to Dean Boggs, as escrow agent, to be held by him in trust until it could be determined in this action which of said parties, the finance company or the bank, was entitled to the proceeds of the sales.

Under the foregoing facts, which are undisputed, this court finds that the plaintiff had a security interest in the automobiles under the Florida Uniform Trust Receipts Law, chapter 673,

Florida Statutes, prior and superior to the subsequent chattel mortgages taken on the automobiles by the defendant bank, and that plaintiff is entitled to the funds now on deposit with defendant, Dean Boggs, as escrow agent.

It is therefore ordered, adjudged and decreed—

That the motion for summary final decree filed by the defendant St. Augustine National Bank be and the same is hereby denied.

That the motion for summary final decree filed by the plaintiff be and the same is hereby granted and that summary final decree be and the same is hereby entered in favor of the plaintiff, Universal C.I.T. Credit Corporation.

That the defendant St. Augustine National Bank recover nothing on its counterclaim and that said counterclaim be and the same is hereby dismissed with prejudice.

That the defendant, Dean Boggs, as escrow agent, forthwith pay over to plaintiff, Universal C.I.T. Credit Corporation, the sum of $5,706.37, which sum he is holding as escrow agent, by agreement between the parties.

That the plaintiff do have and recover from the defendant St. Augustine National Bank its costs in this behalf expended, hereby taxed in the amount of $13.90, for which let execution issue.